JONATHAN GRISSETT,

            Plaintiff,

            v.                                          Case No. 26-cv-0527-bhl

SUPERINTENDENT VOLBRECHT,
ALYSSA ADRAIN, and
DOE JOHNSON,

            Defendants.

## SCREENING ORDER

Plaintiff Jonathan Grissett, who is currently serving a state prison sentence at the Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Racine Correctional Institution. This matter comes before the Court on Grissett's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Grissett has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Grissett has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $1.41. Grissett's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Grissett, on December 5, 2024, he was assigned to a top bunk. Grissett asserts that he noticed there were no guardrails on the bed, so he notified Superintendent Volbrecht and two officers on duty that the top bunk was unsafe. Grissett explains that, that very night, he fell off the bunk and woke up to six or seven officers standing over him. Grissett was taken to the hospital where he received treatment.

### THE COURT'S ANALYSIS

Grissett fails to state a claim upon which relief can be granted because the condition about which he complains is not "a condition objectively serious enough to implicate the Eighth Amendment." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). As the Seventh Circuit has explained, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Id*. By way of example, the Seventh Circuit points to hazards such as exposure to raw sewage, excessive levels of tobacco smoke, and amputation from operating obviously dangerous machinery. *Id*.

2

(citations omitted). "The absence of ladders and guardrails are common features of prison bunk beds." *Myers v. Hughes*, No. 24-cv-1763, 2025 WL 743838, at *3 (S.D. Ill. March 7, 2025) (quoting *Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 689 (7th Cir. 2013). Thus, standing alone, the lack of a guardrail does not "raise a risk of serious harm sufficient to support Eighth Amendment liability." *Id.* (citing cases). Grissett does not associate his desire for guardrails to a medical condition, disability, or other special circumstances that would make him more susceptible to falling out of bed, so the mere fact that the top bunk lacked guardrails is insufficient on its own for the Court to reasonably infer that he was denied "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (concluding that assigning an obese and previously intoxicated man to a top bunk without guardrails was not so dangerous as to run afoul of the Eighth Amendment).

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Grissett believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **June 19, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Grissett's failure to state a claim in his original complaint. If Grissett does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form with this decision.

**IT IS THEREFORE ORDERED** that Grissett's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **June 19, 2026**, Grissett may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Grissett a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

3

**IT IS FURTHER ORDERED** that the agency having custody of Grissett shall collect from his institution trust account the $348.59 balance of the filing fee by collecting monthly payments from Grissett's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Grissett is transferred to another institution, the transferring institution shall forward a copy of this Order along with Grissett's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Grissett is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Grissett is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 21st day of May, 2026.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge

4