UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHAN GRISSETT,

       Plaintiff,

       v.                            Case No. 26-cv-0527-bhl

SUPERINTENDENT VOLBRECHT,
ALYSSA ADRAIN, and
DOE JOHNSON,

       Defendants.

## SCREENING ORDER

Plaintiff Jonathan Grissett, who is currently serving a state prison sentence at the Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Racine Correctional Institution. On May 21, 2026, the Court screened the complaint and after concluding the complaint failed to state a claim on which relief could be granted, gave Grissett the opportunity to file an amended complaint, which he did on June 24, 2026. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Grissett, on December 5, 2024, he was assigned to a top bunk. Grissett asserts that he noticed there were no guardrails on the bed, so he notified Superintendent Volbrecht, Officer Alyssa Adrain, and Officer Johnson that the top bunk was unsafe for him because he has bullet fragments in his neck and chest and the pain from that makes him move around in his sleep. Grissett asserts that no one consulted his medical records to confirm whether he could safely sleep on the top bunk. Grissett explains that, that very night, he fell off the bunk and woke up to six or seven officers standing over him. Grissett was taken to the hospital where he received treatment.

## THE COURT'S ANALYSIS

Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id*. (citing *Farmer*, 511 U.S. at 837). Courts evaluate the risk an inmate faces on an objective basis; that is, "the allegedly dangerous prison condition must deprive an inmate of the 'minimal civilized measures of life's necessities.'" *Id*. (citing *Farmer*, 511 U.S. at 834).

Courts have observed that "[t]he absence of ladders and guardrails are common features of prison bunk beds." *Myers v. Hughes*, No. 24-cv-1763, 2025 WL 743838, at *3 (S.D. Ill. March 7, 2025) (quoting *Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 689 (7th Cir. 2013). Thus, standing alone, the lack of a guardrail on a top bunk does not "raise a risk of serious harm sufficient to support Eighth Amendment liability." *Id.* (citing cases). Grissett alleges, however, that he was more susceptible to falling out of bed because he frequently moved around in his sleep from the pain caused by bullet fragments lodged in his neck and chest. At this early stage, these allegations are sufficient for the Court to reasonably infer that Defendants disregarded a substantial risk of harm that Grissett faced from falling off the top bunk while he slept. Accordingly, Grissett may proceed with an Eighth Amendment conditions of confinement claim against the Defendants.

2

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Grissett's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Superintendent Volbrecht, Alyssa Adrain, and Doe Johnson.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Superintendent Volbrecht, Alyssa Adrain, and Doe Johnson shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 6th day of July, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

3